**UNITED STATES DISTRICT COURT**
**for the**
**Southern District of West Virginia**

UNITED STATES OF AMERICA,

v. Case No.: 2:18-00034

PHYLLIS DOTY,

Defendant.

**INTEGRATED MOTION AND MEMORANDUM**
**IN SUPPORT OF MOTION TO DISMISS COUNTS 5**

Comes now Defendant Mrs. Doty, by counsel, James Cagle and Jeaneen Legato, and pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v) moves this honorable Court to dismiss Count five of the Indictment. Count five fails to state an offense by failing to charge essential elements of the crime. More specifically, the specific facts alleged in Count five of the Indictment fall beyond the scope of the relevant criminal statute, as a matter of statutory and common law interpretation.

Count 5 of the Indictment charges Defendant Mrs. Doty with violation of 18 U.S.C. §1341, *Mail Fraud.* Count 5 alleges that she fraudulently caused an order to be placed with Company B for urns, columns, and pedestals totaling $4,833.20 which she falsely represented were for a legitimate use of Logan County Schools. The Government alleges that she ordered these items to be used at her son's wedding.

While some of the items were used the day of the wedding they were also used by the LCBOE and other Logan county residents at various public and private events. These type of items are frequently and commonly used by the eighteen schools in Logan County for proms, graduations, dances, academic and sports banquets. The items remained at the school for these types of events

and were in fact used.

Defendant Mrs. Doty never took ownership or possession of the items. They were merely borrowed for use in the wedding. The LCBOE had always maintained control, possession, and ownership of the items until some were seized by the government presumably to be used as exhibits in the trial of this case.

In *U.S. v. Wynn*, the Fourth Circuit held as follows:

> "Thus, the mail fraud and wire fraud statutes have as an element the specific intent to deprive one of something of value through a misrepresentation or other similar dishonest method, which indeed would cause him harm. In this way, Wynn is correct to assume that to convict a person of defrauding another, more must be shown than simply an intent to lie to the victim or to make a false statement to him. *See United States v. D'Amato*, 39 F.3d 1249, 1257 (2d Cir.1994) ("[M]isrepresentations amounting only to a deceit are insufficient to maintain a mail or wire fraud prosecution" (internal quotation marks and alteration omitted)). To be convicted of mail fraud or wire fraud, a defendant must specifically intend to lie or cheat or misrepresent with *the design of depriving the victim of something of value*. This specific intent to defraud is the only mens rea requirement for mail fraud and wire fraud."[1]

Similarly, the Court in *D'Amato* held that because the defendant must intend to harm the fraud's victims, "[m]isrepresentations amounting only to a deceit are insufficient to maintain a mail or wire fraud prosecution." Starr, 816 F.2d at 98. "Instead, the deceit must be coupled with a contemplated harm to the victim."[2] Mail fraud cannot be charged against a corporate agent who in good faith believes that his or her (otherwise legal) misleading or inaccurate conduct is in the corporation's best interests. *Id.* at 1257.

Thus, to be convicted of mail fraud there must be a misrepresentation which intended to cause and did cause the victim to be deprived of something of value.

In this case, the victim, the LCBOE, was not deprived of anything of value, and the discovery presented does not support a finding that Defendant Mrs. Doty caused these items to be ordered with

---

[1]U.S. v. Wynn, 684 F.3d 473, 478 (4th Cir., 2012).

[2]U.S. v. D'Amato, 39 F.3d 1249, 1257 (2nd Cir., 1994).

the intent to harm the LCBOE.

Defendant Mrs. Doty was the Superintendent of the LCBOE at the time the order was placed. As superintendent, she was responsible for supervising, eighteen (18) schools, over two thousand (2,000) employees, and approximately nine thousand (9,000) students. Logan County has three high schools - Logan, Man, and Chapmanville. The items which are the subject of Count 5 are items that are commonly used by those schools for proms, homecomings, dances, graduations, academic and sports banquets. Attached as an exhibit are pictures showing how such items are used and continuing to be used by the schools.[3]

As previously mentioned, the LCBOE received the order and has always maintained possession, ownership and control over the property until some of the items were seized by the government presumably to be used as exhibits in the trial of this case.[4] The LCBOE has always had a policy of permitting residents to use their facilities and equipment for parties, weddings, and other similar events. There is no charge for the use of the facility or property, provided it is returned in good shape and the custodian fee is paid or the individual is personally responsible for cleaning.

When taken in a light most favorable to the government based on the discovery provided, mail fraud cannot be proven because the LCBOE was not deprived of anything of value. Whether the defendant caused the items to be ordered for the one day use of the wedding is simply irrelevant because the victim, the LCBOE, was not deprived of anything of value, but rather received something of value.

---

[3]See attached Exhibit A, pictures of school activities.

[4]Defendant Mrs. Doty never took possession or exercised ownership over any of these items. However, there is some disagreement as to whether Defendant Mrs. Doty told the wedding planner she could borrow or keep the urns for a school event she was handling.

Further, the specific mens rea of intent to defraud is absent. There was no conversion in this case. Defendant Mrs. Doty's determination that the Chapmanville school needed the items that the other schools had and were using was well within her authority and purview as Superintendent of the LCBOE. The federal government is not a proper party to decide which county schools need which items or make a judgment call as to what is needed and what is frivolous.

In addition to the foregoing, yet another reason for dismissal is the evidence that the LCBOE approved the purchase. *The discovery produced by the Government reflects that the LCBOE approved this purchase order during their meeting held on July 16, 2015, see Exhibit B of Motion to Dismiss Count 4.* The June invoices included a specific line item for Wholesale Event Solutions a.k.a. Company B in the amount of $4,833.20. In the case of *U.S. v. Burbank*, 848 F.2nd 453 (4th Cir. 1988), the Court held that the terms "convert" and "take by fraud" are the equivalent to the word "steal". The burden remains on the Government to prove that the property in question was wrongfully appropriated. The evidence contained in the discovery shows that not only was the purchase authorized by the LCBOE, but also that there was no theft. They were used until seized by the Government's agents.

Wherefore, pursuant to Rule 12 of the Federal Rules of Criminal Procedure, Defendant Mrs. Doty prays this Court will dismiss Count five of the Indictment for the reasons previously set forth herein.

Respectfully Submitted,

/s/James M. Cagle
James M. Cagle (WV Bar No. 580)
1200 Boulevard Tower
1018 Kanawha Boulevard, East
Charleston, West Virginia  25301

Email: caglelaw@aol.com
Phone: (304) 342-3174
Fax: (304) 342-0448
*Counsel for Respondent Phyllis L. Doty*

/s/ J. Jeaneen Legato
J. Jeaneen Legato, Esq. (WV Bar No. 6978)
Legato Law, PLLC
405 Capitol St., Ste 701
Charleston, WV 25301
Email: jeaneenlegato@gmail.com
Phone: (304) 340-9910
Fax: (304) 340-9915
*Co-Counsel for Respondent Phyllis L. Doty*

# EXHIBIT A

Yesterday at 9:12 PM ·

Leadership Day at Omar was terrific! The students were awesome, the staff was terrific, and the parent volunteers were fantastic. Absolutely looking forward to see the students ROAR!

Christy David Campbell and 46 others 2 Comments

Like Comment Share

Greeting the crowd.





Ashley Leigh

MAY [illegible] AT LOGAN MIDDLE SCHOOL

1

Like Comment Share

LOGAN
LOGAN
LOGAN





CLASS OF
2018
LOGAN
WILDCATS
Kenna Jeffrey
YESTERDAY AT 10:28 AM
Like
Comment
Share

AT&T LTE
10:13 AM
78%
May 25
11:12 PM
Edit

AT&T LTE
11:08 PM

98%

Write a comment...

**Alex Perry**
57 mins ·

My **Alexis Perry** tonight as an usher at LHS Graduation. She and her sister Allison makes me so proud as their dad. Hard to believe that next year I will be attending her graduation. Time please slow down!

3

30

                                        



**Amber Miller Viars**

2 hrs ·

NATIONAL
JUNIOR HONOR SOCIETY

DOTY DISCOVERY000018

# BOE announces attendance poster contest winners

By NANCY PEYTON Oct 19, 2017 Updated 8 hrs ago

(0)

ATTEND SCHOOL
Autum Robertson
Logan High School

DOTY DISCOVERY000019



DOTY DISCOVERY000006



September 30, 2013 · Stollings ·

Like Comment Share

'irst person to like this.

DOTY DISCOVERY000008

Like Comment

Shelia Combs

Like Comment

So proud of my students at Ralph R. Willis today. They made their cream horns, brownies and fruit. Governor Earl Ray Tomblin came to the school today to kick off cleaning up the rivers and steams. My students did an awesome job and I'm super proud of them.

90 7 Comments 2 Shares

Like Comment

Like Comment



Brownies
Teresa Lynn Justice
SEPTEMBER 23, 2016 NEAR MALLORY, WEST VIRGINIA

Macel Cyfers Adams

DOTY DISCOVERY000013

Another dinner at Ralph R Willis. That makes 3 this week this girl is wore out. I love my Job there more than anything I've ever done. My kids have baked, cooked, cleaned and done an awesome job. I want to thank my son, his wife and Tim Tomblin for coming tonight they are my advisory team. Thank you Lord for your Blessings on me.



NATIONAL
JUNIOR HONOR SOCIETY
LOGAN MIDDLE SCHOOL

1

Like Comment

DOTY DISCOVERY000017

AT&T M-Cell 5:22 PM 76%

Designs By Diana

Home Reviews About Posts Photos Videos

**Designs By Diana** added 3 new photos.

September 19, 2015 ·

Thanks to Man High School for another year of honoring me to decorate your Hall of Fame dinner on Thursday Sept. 17,2015

Carolyn Craddock and 7 others

News Feed Requests Messenger Notifications More

No Service
3:39 PM
69%

October 9
8:59 PM
Details

No Service
3:40 PM
69%
October 9
8:40 AM
Details

No Service
3:40 PM
69%
October 9
8:40 AM
Details

**UNITED STATES DISTRICT COURT**
**for the**
**Southern District of West Virginia**

UNITED STATES OF AMERICA,

v. Case No.: 2:18-00034

PHYLLIS DOTY,

Defendant.

**CERTIFICATE OF SERVICE**

The undersigned, counsel for the Defendant, Phyllis L. Doty, does hereby certify that a true and correct copy of the *Integrate Motion and Memorandum in Support of Motion to Dismiss Count5* was served via electronic filing to Gabriele Wohl, A.U.S.A. on the on this the 25th day of June, 2018.

/s/James M. Cagle
James M. Cagle (WV Bar No. 580)
1200 Boulevard Tower
1018 Kanawha Boulevard, East
Charleston, West Virginia 25301
Email: caglelaw@aol.com
Phone: (304) 342-3174
Fax: (304) 342-0448
*Counsel for Respondent Phyllis L. Doty*

/s/ Jeaneen J. Legato
Jeaneen J. Legato, Esq. (WV Bar No. 6978)
Legato Law, PLLC
405 Capitol St., Ste 701
Charleston, WV 25301
Email: jeaneenlegato@gmail.com
Phone: (304) 340-9910
Fax: (304) 340-9915
*Co-Counsel for Respondent Phyllis L. Doty*