**UNITED STATES DISTRICT COURT**
**for the**
**Southern District of West Virginia**

UNITED STATES OF AMERICA,

v.                                                                     Case No.: 2:18-00034

PHYLLIS DOTY,

      Defendant.

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**
**COUNTS 1,2,3,6,7 & 8 ON THE BASIS OF MULTIPLICITY**

Comes now Defendant Mrs. Doty, by counsel, James Cagle and Jeaneen Legato, and pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(ii) files this memorandum in support of her motion to dismiss Counts 1,2,3,6,7 & 8 of the Second Superseding Indictment. Said Counts charge the same offense in more than one count and thus are multiplicitous and violate Defendant Mrs. Doty's due process and double jeopardy rights.

Multiplicity involves "charging a single offense in more than one count in an indictment." *Mancuso*, 42 F.3d at 847 n.11 (internal quotation marks omitted). The multiplicity doctrine finds its roots in the Fifth Amendment's Due Process Clause, which "assure[s] that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense." *Brown v. Ohio*, 432 U.S. 161, 165 (1977). The danger of multiplicity is that it may lead to multiple sentences for a single offense, and it may prejudice the jury by creating the impression that the defendant has committed several offenses where there may have been only one. *United States v. Duncan*, 850 F.2d 1104, 1108 n.4 (6th Cir. 1988). The test for multiplicity is whether each count charged "requires

1

proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

The Fourth Circuit held in *USA. v. Colton*, 231 F.3d 890 (4th Cir., 2000), whether Counts are multiplicitous depends upon whether each count charges a separate *execution* of a scheme to defraud or instead simply alleges *an act in furtherance* of the scheme. The Court further noted that "evidence that acts are "planned or contemplated together" may indicate that they are dependent on one another and cannot be separately charged. Allender, 62 F.3d at 913; see Longfellow, 43 F.3d at 325. The Court in *Colton* essentially found that if the counts were integrally related and one could not have succeeded without the other, then separate counts cannot be charged.

In *Colton,* the defendant was charged with four counts of bank fraud in violation of §1341. The Government had alleged a single overall scheme to defraud Second National Bank. Out of this single scheme the Government charged four separate counts in furtherance of the single scheme. A separate count was charged for each misrepresentation made and the filing of required deeds which were all necessary acts to accomplish the fraud. *Id.* at 909.

The Court's analysis focused on whether each separate count charged a "separate execution of a scheme to defraud or instead simply alleged an act in furtherance of the scheme." *Id.* at 909. In making this determination, the Court held as follows:

> "When an act is "chronologically and substantively independent" from the other acts charged as the scheme, it constitutes an execution. United States v. Harris, 79 F.3rd 223, 232 (2ⁿᵈ Cir. 1996); United States v. Wall, 37 F.3d 1443, 1447 (10ᵗʰ Cir. 1994); Molinaro, 11 F.3d at 860; United States v. Allendar, 62 F.3d 909, 912 (7ᵗʰ Cir. 1995) ("[C]ourts have consistently held that a separate execution must be chronologically and substantively independent.").
>
> "In contrast evidence that acts are "planned or contemplated together" may indicate that they are dependent on one another and cannot be separately charged. Allender, 62 F.3d at 913; see Longfellow, 43 F.3d at 325. Thus, a series of transactions to procure $212,000 from a financial institution was held to be "part of but one performance, one completion," and, therefore, "one execution," thereby

2

making separate counts multiplicitous.  Lemons, 941 F.2d at 318.  Similarly, although a scheme to defraud involved two loans, it was held to have resulted in only a single execution because the two loans "were integrally related; one could not have succeeded without the other"; hence, the indictment charging procurement of each loan as a separate execution was found to be multiplicitous.  United States v. Heath, 970 F.2d 1397, 1402. (5th Cir. 1992)."  *Id.* 909-910.

Based upon this analysis, the Court held that it was clear that the acts charged in the separate counts were "planned or contemplated" together to divert a single payment, that each of the counts charging a separate "execution" were in fact part of but "one performance, one completion, one execution" that were all "integrally related", and that each act was dependent upon the other act to accomplish the fraud.  *Id.* 910.   The Court then concluded that the counts were multiplicitous and vacated the convictions as to those counts.  *Id.* 910.

In the case at bar, Defendant Mrs. Doty is charged with eight (8) separate felony offenses involving a single scheme to defraud.  All of the counts are *integrally related* to and *dependent* upon one another and stem from a single fraudulent scheme which focuses on two thefts - Apple products and the one day use of "wedding" supplies.  Each of the counts, one (1) through three (3),  require proof of the same set of facts to sustain a conviction for the alleged theft in count four (4).  Each of the counts, six(6) through eight (8) require proof of the same set of facts to sustain a conviction for the alleged theft in count five (5).

The Second Superseding Indictment charges Defendant Mrs. Doty with *a single scheme to defraud the Logan County Board of Education (BOE) by embezzling and misappropriating funds to enrich herself and her family* which include the following items:

"(a).  Electronic devices, such as Apple iPods and iPads; and,

(b).  Decorations, supplies, and other miscellaneous items for her son's wedding."  *Paragraph 2 of the Superseding Indictment.*

Paragraphs 1-6 of the Second Superseding Indictment describe "the scheme to defraud" and provide the "background" for the scheme. Paragraphs 7-29 set forth the "manner and means for carrying out the scheme".

Paragraphs 1-29 of the Second Superseding Indictment detail a single scheme to defraud the Logan County BOE of Apple products and the one day use of "wedding" supplies.

Counts 1-4 of the Second Superseding Indictment all involve the scheme to defraud the Logan County BOE by the alleged theft of Apple products. More specifically, the Indictment alleges that Defendant Mrs. Doty fraudulently caused two (2) separate orders to Apple, Inc for approximately seven (7) iPads and one fraudulent in-person purchase of four (4) iPods at Walmart.

Count 4 charges Defendant Mrs. Doty with *theft of programs receiving federal funds* in violation of 18 U.S.C. §666(a)(1)(A) relating to the purchase of Apple products. Counts 1-3 charge Defendant Mrs. Doty with *wire fraud* in violation of 18 U.S.C. §1343. The Government asserts that there was a "theft" of Apple products by means of three fraudulent purchases in which a wire was used in each purchase. All four counts (counts 1-4) stem from the fraudulent scheme to deprive the Logan County BOE of Apple products as described in paragraphs 1-29 of the Indictment.

Counts 5-8 of the Second Superseding Indictment all involve the scheme to defraud the Logan County BOE out of what the Government refers to as the alleged theft of the one day use of "wedding" items. Count 5 charges Defendant Mrs. Doty with *theft of programs receiving federal funds* in violation of 18 U.S.C. §666(a)(1)(A) regarding a single purchase from Company A and a single purchase from Company B. Count 6 charges Defendant Mrs. Doty with *mail fraud* in violation of 18 U.S.C. §1341 regarding the purchase from Company B. Count 7 charges Defendant Mrs. Doty with *wire fraud* in violation of 18 U.S.C. §1343 regarding the purchase from Company B. Count

8 charges Defendant Mrs. Doty with *aggravated identity theft* in violation of 18 U.S.C. §1028A(c) regarding the alleged wire fraud purchase from Company B. Counts 5-8 charge four felony offenses for a single purchase from Company B. All four counts (counts 5-8) stem from the fraudulent scheme to deprive the Logan County BOE of the one day use of "wedding" items as described in paragraphs 1-29 of the Indictment.

Thus, the Second Superseding Indictment charges a single scheme in which the Logan County BOE was defrauded out of Apple products & the one day use of "wedding" items. The Government argues that this scheme involves two separate theft counts - the Apple products & one day use of the "wedding" items. The mail fraud, wire fraud and aggravated theft charges, (counts 1-3 & 6-8) are all inextricably intertwined with the two (2) theft charges (counts 4 & 5).

The Government has *deliberately* chosen to charge a single fraudulent scheme *presumably* because the only way they can reach the $5,000 threshold contained in §666 is to aggregate the alleged thefts. In the Indictment, the Government aggregates three purchases with respect to the Apple products - two purchases from Apple totaling $4,793 and one from Walmart totaling $1,180. The Government then aggregates two purchases regarding "wedding" items - one from Company A totaling $2,069.90 and one from Company B totaling $4,833.20.[1] Without this aggregation, the Government could not reach the $5,000.00 threshold contained in the two theft counts (counts 4 & 5) as required by §666.

---

[1]This strained theory of a fraudulent scheme for the purpose of aggregating small thefts to reach the $5,000 threshold is troubling given the fact that §666 is not a continuing offense. *U.S. v. Yashar*, 166 F.3d 873 (7th Cir., 1999). Additionally, the Government's valuation regarding the "wedding" items relies upon the gross amount of all items ordered even though there was no conversion, many items ordered were not used, and the ones which were used were used for one day.

The problem is that the Government cannot have its cake and eat it too.  Charging a single fraudulent scheme may be a means for properly aggregating thefts, but it also makes the "thefts" the essential conduct of the scheme, thus barring multiple counts for the same conduct as multiplicitous. Had the Government attempted to charge each transaction as a separate scheme or act, then perhaps the multiple mail and wire fraud charges could survive, but the Government would have to forgo the theft charges because none of the acts individually meet the $5,000.00 threshold in §666.

Thus, in analyzing the Second Superseding Indictment pursuant to the Fourth Circuit's analysis in *Colton*, it becomes clear that the multiple wire fraud, mail fraud and identity theft charges stemming from the single fraudulent scheme executed in the form of two thefts must be dismissed for being multiplicitous.

Pursuant to the analysis in *Colton*, the issue becomes whether each separate count charges a "*separate execution* of a scheme to defraud or instead simply alleges an *act in furtherance of* the scheme." *Id.* at 909.  Additionally, like the bank fraud statute §1341 at issue in *Colton*, the mail and wire fraud statutes (§1341 & §1343) authorizes prosecution for each *execution of* a scheme to defraud, not each act *in furtherance of* such a scheme.[2]

In the case at bar, all of the multiple counts charging wire fraud, mail fraud and identity theft were clearly acts in *furtherance of* the scheme rather than a *separate execution of* the scheme. The Second Superseding Indictment alleges a single fraudulent scheme which was executed twice in the form of two thefts.

---

[2]Although similar language is not found in the aggravated identity theft charge contained in §1028A, that statute is an add on and contingent upon the wire fraud statute.  Thus, if the wire fraud is deemed multiplicitous, then the aggravated identity theft upon which it is predicated cannot stand.

The first theft is detailed in Count four and involves three purchases of Apple products. Counts one through three charge the use of a wire in each of those three transactions. The theft could not have been accomplished without the use of the wires. The use of the wires was in *furtherance of* the theft. This is analogous to the fraudulent loan documents submitted to obtain the loan in *Colton*. Each act was dependent upon the others to accomplish the fraudulent scheme/theft of Apple products.

The second theft is detailed in Count five and involves the one day use of "wedding" supplies which were acquired from two purchases - one from Company A and one from Company B. Counts six through eight charge mail fraud, wire fraud, and aggravated identity theft involving the purchase from Company B. This alleged theft also could not have been accomplished but for the alleged illegal use of the mail, wire and identity. Once again, this is analogous to the fraudulent loan documents submitted to obtain the loan in *Colton*. Each act was dependent upon the others to accomplish the fraudulent scheme/theft of the one day use of "wedding" supplies.

Like *Colton*, each of the theft counts charging a separate "execution" were in fact part of but "one performance, one completion, one execution" that were all "integrally related", and each act was dependent upon the other act to accomplish the fraud/theft. Counts one through three and six through eight are counts in *furtherance of* the scheme rather than a *separate execution of* the scheme with respect to each theft count.

Counts one through three and six through eight were allegedly "planned or contemplated" together as part of a single fraudulent scheme involving two alleged thefts. Each of the counts charging a separate "execution" are in fact part of but "one performance, one completion, one execution" that are all "integrally related" to the single fraudulent scheme involving two thefts. The

7

Government has charged six additional felonies for two alleged thefts.

The particular way in which the Government has chosen to present this case as a single fraudulent scheme so as to be able to aggregate "thefts" to reach the$5,000.00 threshold ties their hands in being able to charge multiple counts. The presentment as a singular fraudulent scheme with two theft executions is dependent upon a set of facts in which each and every fact is necessary to sustain each theft count. Each theft count could not have occurred without the corresponding illegal mail and wire use, and vice versa, the corresponding illegal mail and wire use cannot be sustained without proof of the corresponding thefts.

In what can only be interpreted as overkill by charging an excessive number of felonies given the alleged conduct at issue, the Government has managed to present a convoluted Indictment in which the facts necessary to prove the mail and wire fraud counts in essence make those counts lesser included offenses of the theft counts. This is similar to the joyriding and grand larceny charges at issue in *Brown.* Although the elements of the offense are different, the facts necessary to sustain a conviction for each theft are the same.

This particular presentment violates *Blockburger* and is multiplicitous because with respect to each theft count and their corresponding mail and wire counts, none of the counts require proof of a fact which the other does not. The wire fraud counts contained in counts one through three are multiplicitous of the theft charge contained in count four. Likewise, the mail, wire and aggravated identity theft charges in counts six through eight are multiplicitous of the theft charge contained in count five. Allowing the jury to consider eight (8) felony offenses for conduct in which all the facts are encompassed in the two theft charges would be extremely prejudicial to the Defendant by creating the appearance that she may have committed several offenses as opposed to two.

Wherefore, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(ii), Defendant Mrs. Doty prays that this Honorable Court will grant her motion to dismiss Counts 1, 2, 3, 6, 7 & 8 of the Second Superseding Indictment on the grounds that they are multiplicitous.

Respectfully Submitted,

/s/James M. Cagle
James M. Cagle (WV Bar No. 580)
1200 Boulevard Tower
1018 Kanawha Boulevard, East
Charleston, West Virginia  25301
Email: caglelaw@aol.com
Phone:  (304) 342-3174
Fax: (304) 342-0448
*Counsel for Respondent Phyllis L. Doty*

/s/ J. Jeaneen Legato
J. Jeaneen Legato, Esq. (WV Bar No. 6978)
Legato Law, PLLC
405 Capitol St., Ste 701
Charleston, WV 25301
Email:  jeaneenlegato@gmail.com
Phone: (304) 340-9910
Fax: (304) 340-9915
*Co-Counsel for Respondent Phyllis L. Doty*

**UNITED STATES DISTRICT COURT**
**for the**
**Southern District of West Virginia**

UNITED STATES OF AMERICA,

v.                                                                    Case No.: 2:18-00034

PHYLLIS DOTY,

        Defendant.

## CERTIFICATE OF SERVICE

The undersigned, counsel for the Defendant, Phyllis L. Doty, does hereby certify that a true and correct copy of the ***Memorandum in Support of Defendant's Motion to Dismiss Counts 1, 2, 3, 6, 7 & 8 on the Basis of Multiplicity*** was served via electronic filing to Gabriele Wohl, A.U.S.A. on the on this the 15th day of August, 2018.

/s/James M. Cagle
James M. Cagle (WV Bar No. 580)
1200 Boulevard Tower
1018 Kanawha Boulevard, East
Charleston, West Virginia  25301
Email: caglelaw@aol.com
Phone:  (304) 342-3174
Fax: (304) 342-0448
*Counsel for Phyllis L. Doty*

/s/ Jeaneen J. Legato
Jeaneen J. Legato, Esq.(WV Bar No. 6978)
Legato Law, PLLC
405 Capitol St., Ste 701
Charleston, WV 25301
Email:  jeaneenlegato@gmail.com
Phone: (304) 340-9910
Fax: (304) 340-9915
*Counsel for Phyllis L. Doty*